UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>ALVIN FLORIDA JR., ROBERT ALHASHASH RASHEED, REFUGIO DIAZ, AND JOHN LEE BERRY III,<br>　　　　　Defendants. | Case No. 4:14-cr-00582-JD<br><br>**ORDER RE REQUEST FOR RECONSIDERATION**<br><br>Re: Dkt. No. 436 |

On December 15, 2016, a jury convicted defendant John Lee Berry III and the other named defendants of bid rigging in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1. On March 6, 2017, the Court upheld the verdict and denied motions for judgment of acquittal or a new trial. Dkt. No. 429. Berry's sentencing is set for April 26, 2017.

Berry seeks leave to bring a motion for reconsideration of the post-trial order based on a brief filed in another case, which argues that the application of the per se rule in a criminal antitrust case is an unconstitutional deprivation of due process. Dkt. No. 436. The jury that convicted Berry and his co-defendants was instructed on the per se rule in Amended Final Jury Instruction No. 16. Dkt. No. 386 at 17.

Reconsideration is unwarranted for several reasons. As a threshold matter, Berry's request does not meet any of the conditions that might open the door to reconsideration. Under our Civil Local Rules, applicable here through Criminal Local Rule 2-1, reconsideration of an order is possible if: (1) "a material difference in fact or law exists from that which was presented to the court" before entry of the order, which in the exercise of reasonable diligence was not known by the party seeking reconsideration; or (2) new material facts have emerged or a change of law has

occurred; or (3) there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" that had been presented before the order. Civil L.R. 7-9(b).

Berry makes no effort whatsoever to bring his request within any of these grounds for reconsideration. The motion for leave, which runs two paragraphs long, does not even mention any of the reconsideration criteria, let alone make a reasoned argument about how they might apply to his request. Dkt. No. 436.

Even if the Court were to assume, purely for the sake of discussion, that Berry had properly argued for reconsideration, the record amply establishes that he cannot make any of the required showings. Berry's request is based entirely on a brief filed in *United States v. Marr, et al.*, No. 14-cr-00580-PJH (N.D. Cal. Nov. 19, 2014), a criminal bid rigging case pending before Chief Judge Hamilton. *See* Dkt. No. 436-1. Defendant Marr has asked for a jury instruction on unreasonable restraint as an element of bid rigging. The brief does not help Berry under Civil Local Rule 7-9(b) because nothing in it is new or different, or was otherwise unavailable, before this case was tried and the jury instructions, including Amended Instruction No. 16, were discussed and drafted. To the contrary, Marr's brief is based in good measure on the century-old "foundation for anti-trust law" in *Standard Oil Co. v. United States*, 221 U.S. 1 (1911). Dkt. No. 436-1 at 3. The due process cases Marr cites also predate Berry's trial by a wide margin. *See, e.g., id.* at 5 (citing *Carella v. California*, 491 U.S. 263 (1989)). Berry has not proffered anything in the way of a late-breaking development or previously hidden material circumstance that might warrant re-opening the Court's order.

In addition, there was certainly no "manifest failure" by the Court to consider the per se issue. At its core, Berry's request for leave is yet another iteration of defendants' long-running argument against the treatment of bid rigging as a per se offense. Throughout this case, when it was before Chief Judge Hamilton and then here after reassignment, defendants have repeatedly sought a rule of reason standard in lieu of the per se rule. This effort has been rejected at every turn under governing case law holding that bid rigging is a per se violation of the Sherman Act. *See, e.g.,* Dkt. No. 429 at 5; Dkt. No. 186 at 2; Dkt. No. 283 at 106; Dkt. No. 284 at 21. A request for reconsideration that rehashes this old argument is barred by Civil Local Rule 7-9(c).

2

The due process wrinkle presented in Marr's brief does not refresh this tired theme or otherwise justify reconsideration. In Marr's view, the Supreme Court established in *Standard Oil* that a "necessary" and "essential" element for all Section 1 cases is whether the challenged conduct was unreasonable. *See* Dkt. No. 436-1 at 1, 4. The essence of Marr's argument is that a per se instruction violates due process by taking this "element" away from the jury. *Id*. at 7.

This contention is ill taken. In *United States v. Manufacturers' Association of the Relocatable Building Industry,* 462 F.2d 49 (9th Cir. 1972), the circuit affirmed a criminal conviction for price fixing under the per se rule. Appellants pressed the same point raised by Marr, namely that the application of the per se rule displaced "the test of reasonableness" and created a "conclusive presumption" that denied them "due process in a criminal trial." *Id*. at 50.

The circuit definitively rejected that contention. As a starting point, it found that *Standard Oil* did not overrule or dislodge earlier cases holding price fixing to be illegal per se, and that the Supreme Court had held "both before and after *Standard Oil*" that price fixing is "a per se violation of the Sherman Act without consideration of the rule of reasonableness." *Id*. at 51 (citing *United States v. Trenton Potteries Co.*, 273 U.S. 392, 400 (1927)). This initial observation is itself significant because it casts substantial doubt on the premise of Marr's theory that *Standard Oil* made unreasonableness an essential element of all Section 1 cases. Federal antitrust law has consistently held that some conduct, like rigging bids, is so inherently harmful to competition and free markets that no justification or defense can excuse it. *See State Oil Co. v. Khan*, 522 U.S. 3, 10 (some restraints "have such predictable and pernicious anticompetitive effect, and such limited potential for procompetitive benefit, that they are deemed unlawful per se."). As *Manufacturers' Association* indicates, *Standard Oil* did not alter that terrain.

Based on the longstanding treatment of per se violations by the Supreme Court, the circuit held that the Sherman Act addresses two "distinct rules" of substantive antitrust law: (1) classes of conduct "such as price-fixing" that are, without more, prohibited; and (2) restraints on trade outside these classes that "are prohibited only when unreasonable." *Id*. at 52. Consequently, "the per se rule does not operate to deny a jury decision as to an element of the crime charged, since 'unreasonableness' is an element of the crime only when no per se violation has occurred." *Id*.

3

That puts Marr's theory to rest, and his somewhat dismissive effort to brand *Manufacturers' Association* as "skeletal," "head-scratching" and "spurious," Dkt. No. 436-1 at 8, 10, 11, is a disservice to the circuit's elegant and incisive reasoning. Marr's reliance on "expanding notions" of due process is misplaced. *Id*. at 14-16. Even if this suggestion were given the benefit of every doubt, none of the cases he cites necessarily disturbs the specific application of the per se rule in the antitrust context.

More might be said in response to Marr's arguments, but his brief is not squarely before this Court. The salient point for purposes of Berry's reconsideration request is that *Manufacturers' Association* remains the law of this circuit, and its reasoning has been embraced as sound and persuasive by other courts. *See, e.g., United States v. Giordano*, 261 F.3d 1134, 1143-44 (11th Cir. 2001) (and cases cited therein). There is no "manifest injustice" in Amended Final Jury Instruction No. 16 because a defendant is not entitled to a jury instruction that misstates the law. *United States v. George*, 420 F.3d 991, 1000 (9th Cir. 2005).

Leave to file a motion for reconsideration is denied.

**IT IS SO ORDERED**.

Dated: April 17, 2017

JAMES DONATO
United States District Judge